Filed 9/18/20  P. v. Morales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074767 |
| v. | (Super.Ct.No. RIF1701355) |
| ROGELIO VERGARA MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Samuel Diaz, Jr., Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Rogelio Vergara Morales, filed a petition for writ of error *coram nobis*, which the court denied.  After defendant filed a notice of appeal, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and one potentially arguable issue:  whether the court erred in denying defendant's petition.  We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2018, a jury convicted defendant, a licensed attorney, of over 60 counts of various offenses including burglaries, extortions, attempted thefts, and disobeying restraining orders.  The jury also found true enhancement allegations attached to many of the counts that defendant had committed hate crimes.

On March 27, 2019, defense counsel filed a motion for new trial on the grounds that the court had erred in failing to suspend the proceedings and appointing counsel for defendant, who was representing himself, where there was substantial evidence of defendant's incompetency to stand trial.  According to defense counsel, on October 26, 2018, defendant filed a declaration stating that he was on medication and under the medical care of a licensed psychiatrist.  Defendant allegedly stated that he was not mentally or physically capable of representing himself and did not understand the nature of the charges against him.  Purportedly attached to the declaration was a doctor's opinion that defendant should not represent himself or others due to his medication

2

regime.  Apparently, in another exhibit attached to the motion, the court had expressed that it did not believe the psychiatrist's letter was authentic.[1]

On March 29, 2019, the date set for sentencing, the court heard argument on the motion for new trial.  The court denied the motion finding as follows:  "The Court finds no basis for it.  The defendant delayed the trial on numerous occasions.  On the day of trial, he became sick all of a sudden and went to the hospital; and while he returned back from the hospital, the doctors' notes didn't jive with the excuse from the doctors.  The Court had some concern there was some fraudulent doctors' notes presented to the Court, so this is yet another delay tactic."  The court thereafter sentenced defendant to 22 years of imprisonment.

On January 21, 2020, defendant filed a petition for writ of error *coram nobis* "on newly discovered evidence that Defendant was tried and convicted while actually incompetent to stand trial."[2]  Defendant contended that on or about October 25, 2018, while he was representing himself, he filed a declaration that he was on medication and under the care of a psychiatrist; defendant maintained he was mentally and physically incapable of representing himself and that he did not understand the nature of the charges

---

[1]  The motion, which was attached as an exhibit to defendant's petition, reflects that the declaration, defendant's statement, the letter from the psychiatrist, and a transcript of the court's statement of disbelief were attached as exhibits to the motion; however, defendant included only the motion, not the exhibits that were apparently attached to the motion, in his petition.

[2]  Defendant noted in his petition that he "availed himself of his right of direct appeal, which is currently pending with" this court in *People v. Morales et al.*, case No. E072462.

against him.  Defendant asserted he had attached to his declaration a letter from his psychiatrist opining that defendant should not represent himself or others.[3]

The court denied the petition without a hearing.  On the order denying the petition, the court noted, "matter currently under appeal."

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (*People v. Kim* (2009) 45 Cal.4th 1078, 1093 ["[T]he writ of error *coram nobis* is unavailable when a litigant has some other remedy at law."].)

## III.  DISPOSITION

The order denying defendant's petition for writ of *coram nobis* is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

                    J.

CODRINGTON

                    J.

---

[3] A letter dated October 22, 2019, from defendant's psychiatrist is attached to the petition.  In the letter, the psychiatrist notes that on October 15, 2018, based on his evaluation, defendant should have been "off work" for three weeks.  The letter did not contain any opinion regarding defendant's mental or physical state or indicate if defendant should not be representing himself.  The psychiatrist did not explain in the letter why defendant should be "off work" or what exactly that might mean in the context of a person representing himself in a criminal trial.